UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:06-CR-140 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| CHARLES JEROME JONES, | ) | |
| a/k/a "BONY JONES," a/k/a "B.J.," *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

On February 6, 2007, defendant Charles Jerome Jones ("Defendant"), a/k/a "Bony Jones," a/k/a "B.J.," filed a Motion to Sever pursuant to Fed. R. Crim. P. 14 (Court File No. 97). The Government has not responded to this motion.[1] After considering the issues presented in Defendant's Motion and the supporting Memorandum (Court File No. 98), this Court **DENIES** Defendant's Motion to Sever (Court File No. 97). An order is attached.

**I.     BACKGROUND**

At present, Defendant and codefendants Cory Winston, Tommy Phillips, Ithornial Maffet, Sidney Petty, Kermit J. Stiles, III, Cedric Vance, Marcus Carlisle, Kelvin Lloyd, Cleveland Bell, III, Robert Phillips, Jr., Varian L. Ford, and Anthony Flemister are charged together in a thirteen-count indictment filed December 12, 2006 (Court File No. 1). Defendant is specifically charged in Count

---

[1] The Court does not understand why the government choose not to file a response. The Court's local rules require parties to respond to motions. It does a disservice both to the Court and public when the government fails to respond since the Court is left to decide the issues without the benefit on one parties position.

One with conspiracy to distribute 5 kilograms or more of cocaine hydrochloride and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (*Id.*). Only codefendant Cory Winston has notified the court of his intent to plead guilty (Court File No. 100). Accordingly, Defendant and eleven codefendants are scheduled for a joint trial on April 16, 2007 (Court File No. 117).

**II. DISCUSSION**

    A. *To obtain a severance, Defendant must demonstrate a serious risk a joint trial will compromise one of Defendant's specific trial rights or prevent the jury from making a reliable judgment about Defendant's guilt or innocence.*

Fed. R. Crim. P. 8(b) permits two or more defendants to be jointly indicted for participation in the same series of acts or transactions constituting the offense(s). Fed. R. Crim. P. 8(b). Each and every defendant need not be charged in each and every count. *Id.* The Court has wide discretion and solid grounds to deny a motion for severance, as the United States Supreme Court has repeatedly expressed a preference for joint trials of defendants indicted together to promote judicial economy and prevent inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999). There is a strong policy presumption favoring joint trials for co-defendants when criminal charges result from the same acts and will need be proved by the same evidence. *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995). This is especially true when the defendants are charged with joint participation in a common conspiracy. *United States v. Cope*, 312 F.3d 757, 779-80 (6th Cir. 2002).

A properly joined defendant – and Defendant does not challenge the act of joinder itself – is not entitled to a separate trial simply because he may have a better chance for acquittal. *Long*, 190

F.3d at 476 (citing *Zafiro*, 506 U.S. at 540). Rather, the test is whether there is serious risk a joint trial would compromise a defendant's specific trial rights or would prevent the jury from making a reliable determination as to each defendant's guilt or innocence. *Zafiro*, 506 U.S. at 539. To obtain severance, a defendant bears the heavy burden of presenting *specific* facts which would support a court finding "substantial prejudice," "undue prejudice," or "compelling prejudice" to the defendant. *United States v. Corbleigh*, 75 F.3d 242, 247 (6th Cir. 1996); *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992); *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990). The jury is presumed to be capable of following limiting instructions, sorting out the evidence, and separately considering each charge against each individual defendant. *Welch*, 97 F.3d at 147; *Cobleigh*, 75 F.3d at 247; *Moore*, 917 F.2d at 222.

  B. *Defendant has not met the burden of presenting specific facts which would support the Court finding substantial prejudice.*

The risk of prejudice varies with the facts and circumstances of each case, and the district court has wide discretion to weigh such factors. Defendant bases his motion on several grounds, including: (1) The case is complicated with a great deal of wire-tapped phone activity, and the jury may be not be able to "collate and appraise the independent evidence against each defendant (Court File No. 97, ¶ 1). (2) The primary focus of the investigation is on Cory Winston and Tommy Phillips (*Id*. at ¶ 2). (3) Defendant is implicated on only a small percentage of the copious phone calls (*Id*. at ¶¶ 3-4). (4) Admission of all the phone calls in a joint trial will spill over and deprive Defendant of a "fair trial under the Fourteenth Amendment" (*Id.* at ¶ 8). (5) Defendant's involvement in the conspiracy was limited to marijuana, while many of the calls and the other codefendants dealt in cocaine (*Id.* at ¶ 6). (6) During the investigation, three residential searches took place, and Defendant was not "implicated" in any of these searches (*Id.* at ¶ 5).

This Court finds the above grounds insufficient to show undue, substantial, or compelling prejudice. First, Defendant states that there are "thousands" of phone calls in this case and cites to status reports provided every ten days to the Criminal Court for the Eleventh District of Tennessee (Court File No. 98, pp. 2-4). According to the motion, the Government's discovery statement notes seventy-five calls implicating Defendant, Defendant's counsel ascertained one call, and a written discovery report alludes to nine calls (*Id.* at p. 4). Defendant asserts that "obviously, to be joined[2] with numerous parties talking about drugs," there is some probability of prejudicial spillover and Defendant will be found guilty by association (*Id.*). However, the only facts proffered are that there are numerous phone calls and Defendant appears on fewer calls than some of his codefendants.[3] These conclusive claims are not enough to overcome two fundamental presumptions: (1) jurors can and will follow admonitory instructions, *Richardson v. Marsh*, 481 U.S. 200, 206 (1987), and (2) jurors can sift through evidence and separately evaluate each codefendant's conduct and culpability, *Welch*, 97 F.3d at 147; *Cobleigh*, 75 F.3d at 247; *Moore*, 917 F.2d at 222. The fact there are multiple drugs involved is not uncommon in a conspiracy case; Defendant does not explain how his case is different or why the inclusion of cocaine would subject his prosecution to undue prejudice. "While an important element of a fair trial is that a jury consider only relevant and competent

---

[2] Defendant does not appear to challenge the basis for joinder. Nonetheless, this Court finds joinder was proper pursuant to Fed. R. Crim. P. 8(b), as Defendant and his co-defendants were charged with conspiracy to distribute drugs, a charge arising from the same series of acts, transactions, and telephone calls. This Court finds that Defendant was properly joined with his co-defendants under Fed. R. Crim. P. 8(b).

[3] Additionally, Defendant does not explain which constitutional trial rights he is seeking to protect—reference to the Fourteenth Amendment (or, as more appropriate in a federal prosecution, the Fifth Amendment) is not sufficiently specific to justify Defendant's concerns, as Due Process can certainly be afforded Defendant in a joint trial.

evidence bearing on the issue of guilt or innocence, a fair trial does not include the right to exclude relevant and competent evidence." *Zafiro*, 506 U.S. 540. The fact Defendant focused his alleged activity on one specific drug also fails to support an inference that jurors will be confused; if anything, jurors should be better able to separate Defendant from those co-defendants involved on the cocaine side of the conspiracy. The Court observes that co-defendant and "primary focus" Cory Winston has filed a notice of his intent to plead guilty; therefore, evidence against such codefendant will not be heavily presented at trial, further decreasing any possible chance of juror confusion due to the focus of the prosecution or the complexity of the evidence. Additionally, the Court, and Defendant through appropriate motion, will have opportunity at trial to instruct the jury as to the proper use, limitation, and consideration of all evidence. *Id*.

      C.    *Defendant's speculation of co-defendants' statements is premature and does not show sufficient risk of prejudice to justify granting severance.*

In his Motion, Defendant speculates that a confession or statement (made by codefendant Tommy Phillips in his Motion, but no specific individual is named in his brief) may be admitted at trial by the Government and may prejudice Defendant's case (Court File No. 97, ¶ 9). Accordingly, Defendant requests the Court, pursuant to Fed. R. Crim. P. 14(b), to order the Government produce all statements or confessions made by co-defendants which the Government intends to introduce into evidence at trial for the Court's *in camera* inspection (*Id*. ¶ 10; Court File No. 98, pp. 4-5).

In *Bruton v. United States*, the Supreme Court held that a defendant's Confrontation Clause rights might be violated if, in a joint trial, a codefendant's statement or confession is admitted into evidence against the co-defendant, but the codefendant does not take the stand to permit the defendant's cross-examination. *Bruton*, 391 U.S. 123 (1968). The Supreme Court has narrowed *the Bruton* rule, holding there is no Confrontation Clause violation if a non-testifying co-defendant's

5

statement or confession is admitted, with a proper limiting instruction, if such confession is redacted to eliminate any reference to the "existence" of the defendant. *Richardson*, 481 U.S. at 211. The *Bruton* rule is violated by admission of a codefendant's statement if the statement contains obvious deletions, because obvious deletions are obvious to a jury and directly accuse the defendant, without permitting confrontation. *Gray v. Maryland*, 523 U.S. 185 (1998)). The Sixth Circuit has held that *Bruton* permits use of a codefendant's statement/confession, if redacted, "even if the co-defendant's confession becomes incriminating [against the defendant] when linked with other evidence adduced at trial." *United States v. Di Carlantonio*, 870 F.2d 1058, 1062 (6th Cir. 1989).

Severance might be appropriate if the Government intends to introduce into evidence a co-defendant (such as Tommy Phillips) statement, if such statement expressly implicates Defendant and if such co-defendant does not take the stand to permit cross-examination. The Supreme Court has held, however, redacting a statement or confession and appropriately instructing the jury can avoid possible prejudice and obviate the need for a separate trial. *Zafiro*, 506 U.S. at 539; *Cobleigh*, 75 F.3d at 248. Here, in his Motion, Defendant does not explain how codefendant Phillips' statement may implicate Defendant's role or participation in the conspiracy; the mere possibility such evidence may exist is speculative and insufficient at this point in the proceedings to show prejudice warranting a separate trial for Defendant. In his brief, Defendant does not specifically identify any statements that may or have been identified by the Government for use at trial. Therefore, Defendant does not raise ripe Sixth Amendment concerns. Rather, Defendant is trying to limit the Government's possible use of unspecified statements which have not yet been presented for possible admission. If such statements are presented, Defendant will then have an opportunity to object and the Court may then order an *in camera* inspection pursuant to Fed. R. Crim. P. 14(b) or redaction

under *Richardson*. This decision is consistent with the Court's great discretion in evaluating severance motions and in crafting relief if prejudice is shown; prejudice has not been shown here as Defendant has proffered no specific facts to the Court.

Defendant adopts the Notes of Advisory Committee on Rules – 1966 Amendment (the "Notes") (Court File No. 98, p. 5). The Court notes the above cited cases, *e.g.*, *Richardson v. Marsh*, 481 U.S. 200 (1987) and *Zafiro v. United States*, 506 U.S. 534 (1993), were decided with full knowledge of the Notes. Despite concerns expressed in the Notes and in 1955 and 1959 Fifth Circuit cases, the Supreme Court seems to be confident in the "almost invariable assumption of the law that jurors follow their instructions," *Richardson*, 481 U.S. at 206 (U.S. 1987). Moreover, the Supreme Court has held "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief [including curative jury instructions] to be granted, if any, to the district court's sound discretion," *Zafiro*, 506 U.S. at 538-539. This Court is equally comfortable with its ability to tailor appropriate relief in accordance with Rule 14(b) *if* the need should rise and *if* Defendant presents sufficient specific facts to show prejudice to his trial rights.

D. *Severance is not required though some co-defendants are allegedly "more culpable" than others.*

Finally, Defendant claims there is "a lack of mutuality of participation" on his part, and "at worst," he was simply a drug buyer and not a drug seller in the conspiracy (Court File No. 97, ¶ 11). This claim sounds like an appropriate theory for Defendant to assert at trial and not an appropriate grounds for this Court to sever Defendant's case. It is well-settled "severance is not required if some evidence is admissible against some defendants and not others" and a "defendant is not entitled to severance because the proof is greater against a co-defendant." *Warner*, 971 F.2d at 1196; *United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987); *see also United States v. Carson*, 702 F.2d

351, 366-67 (2d Cir. 1983) ("Joint trials involving defendants who are only marginally involved along-side those heavily involved are constitutionally permissible."). Defendant asserts there is "little proof" as to himself when compared to his codefendants; he also cites the fact that some of his co-defendants have felony prior convictions while his priors are misdemeanors (Court File No. 97, ¶ 12). Again, this is not grounds for severance but is instead an appropriate defense at trial. If true, Defendant may even appear less culpable to a jury than do his co-defendants. Moreover, in his Motion and brief, Defendant again fails to explain to the Court why or how these supposed "facts" could confuse the jury as to Defendant's guilt or prejudice him in any way. The joint trial of co-defendants is not *per se* prejudicial, even if the codefendants intend to present mutually antagonistic defenses, *Cope*, 312 F.3d at 780, an argument Defendant does not raise. A defendant is not entitled to severance simply because a co-defendant has a criminal record (or a more serious criminal history, as alleged here). *Warner*, 971 F.2d at 1196.

III. CONCLUSION

In short, "[t]he burden is on defendants to show that an antagonistic defense would present a conflict so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *Warner*, 971 F.2d at 1196. Defendant has not met this burden. In his Motion Defendant alleges he will be prejudiced by multiple wiretapped calls and evidence of guilt presented against his codefendants, but these calls seem to be evidence required in each co-defendant's case to demonstrate his alleged drug relationship with the "primary" co-defendants, Cory Winston and Tommy Phillips. Without a joint trial, it seems to this Court a large amount of evidence would need be repeatedly presented in separate trials, which would waste

limited judicial resources. Defendant's Motion to Sever basically claims Defendant was a lesser participant in the conspiracy, but fails to explain with specificity what, if any, of Defendant's constitutional trial rights might be compromised by a joint trial or how the jury would be prevented from reliably and fairly determining Defendant's guilt or innocence. *Zafiro*, 506 U.S. at 539. Defendant indicated evidence of multiple wiretaps and drug types could be unfavorable to him, but he nevertheless failed to offer specific facts and establish substantial, undue, or compelling prejudice. *Warner*, 971 F.2d at 1196. In light of (1) the strong policy presumption favoring joint trials and (2) Defendant's failure to demonstrate a serious risk of prejudice, the Court finds a joint trial of these codefendants is appropriate and severance for Defendant is unwarranted.

An order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**